UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE HELIOS AND MATHESON ANALYTICS, INC. SECURITIES LITIGATION | Case No.: 1:18-cv-06965-JGK<br><br>CLASS ACTION<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED CLASS ACTION COMPLAINT** |

Robert A. Horowitz
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, NY 10166
Tel:  (2123) 801-2194
Fax:  (212) 801-6400
Email:  horowitzr@gtlaw.com

Daniel J. Tyukody
GREENBERG TRAURIG. LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90017
Tel: (310) 586-7723
Fax: (310) 586-0233
Email:  tyukodyd@gtlaw.com

*Attorneys for HELIOS and MATHESON ANALYTICS, INC., THEODORE FARNSWORTH, STUART BENSON and MITCH LOWE*

Defendants requested that the Court take judicial notice of the full statements referenced in the Third Amended Complaint ("TAC") rather than simply relying on Plaintiffs' quoted snippets. Plaintiffs respond by saying that Defendants' request constitutes an "'unscrupulous' reliance on extrinsic documents." Response at 3. Numerous authorities undermine Plaintiffs' position and support the well-known rule that courts may take judicial notice of SEC filings, press releases, and press coverage, as well as review the complete versions of documents incorporated by reference in the TAC.[1] Plaintiffs' cited cases also strongly support Defendants' request.[2]

Plaintiffs place most of their reliance on *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018), but nothing in this case suggests that the Court should deny or narrow Defendants' request for judicial notice. *Khoja* did not purport to overturn the black-letter rule that courts may take judicial notice of SEC filings and other documents for the purposes of

---

[1] *See, e.g., Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (courts may take judicial notice of "the *fact* that press coverage, prior lawsuits, or regulatory filings contained certain information") (emphasis in original); *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("where public records that are integral to a fraud complaint are not attached to it, the court, in considering a Rule 12(b)(6) motion, is permitted to take judicial notice of those records"); *421-A Tenants Ass'n v. 125 Court St. LLC*, 760 F. App'x 44, 49 n.4 (2d Cir. 2019) ("it is appropriate to take news articles into account even on a Rule 12(b)(6) motion").

[2] *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Roth*, 489 F.3d at 509 ("When a complaint alleges, for example, that a document filed with the SEC failed to disclose certain facts, it is appropriate for the court, in considering a Rule 12(b)(6) motion, to examine the document to see whether or not those facts were disclosed . . . . Or when the complaint alleges that such a document made a particular representation, the court may properly look at the document to see whether that representation was made.").

determining the existence and timing of cautionary statements and risk disclosures in securities fraud cases.  *Id.* at 999.[3]

*Khoja* also did not modify the related incorporation-by-reference doctrine, which permits courts to "treat[ ] certain documents as though they are part of the complaint itself."  *Id.* at 1002.  To the contrary, the Ninth Circuit confirmed that the purpose of the incorporation-by-reference doctrine is to "prevent[ ] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken — or doom — their claims."  *Id.*  The Court expressly noted that defendants "may seek to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim," such as the 49 statements referenced in the TAC.  *Id.*  The Court further confirmed that when a document is incorporated by reference into the pleading, "a court may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  *Id.* at 1003.  Relying on these principles, the Ninth Circuit found that district courts could properly review market reports, blog posts, web articles, and SEC filings as incorporated by reference because they were mentioned in the complaint and served as the basis for the plaintiffs' claims.  *Id.* at 1003-07.[4]

---

[3] *See, e.g., In re Facebook, Inc. Sec. Litig.*, 2019 U.S. Dist. LEXIS 166027, at *27-28 (N.D. Cal. Sept. 25, 2019) (citing *Khoja* and taking judicial notice of five SEC filings because they are "matters of public record not subject to reasonable dispute," as well as taking judicial notice of eleven news articles because they were "reprinted in full or in part in the Complaint").

[4] The materials that the Ninth Circuit found were impermissible to review included an investors' conference call and an agency report that were ambiguous and "subject to varying interpretations," as well as a blog post that was only quoted briefly in a footnote for a definitional purpose and an inadvertently submitted SEC filing not mentioned in the complaint.  *Id.* at 1000-01, 1003, 1005.  Plaintiffs' other cited case, *Global Network Communications, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006), was not a securities class action and did not discuss judicial notice in that context.  It also did involve judicial notice of SEC filings and press articles for the purposes of showing that certain statements were made.

Defendants requested judicial notice to show the full range of risk disclosures and cautionary statements that accompanied Plaintiffs' out-of-context excerpts and that were available to the public. Defendants also requested judicial notice to show that the "truths" underlying Plaintiffs' alleged misrepresentations were widely distributed through the market during the entire Class Period.[5] Most of the RJN's documents may be evaluated under the incorporation-by-reference doctrine because they are the basis of Plaintiffs' claims, but the Court does not need to review these documents for their truth or falsity to find that Plaintiffs have selectively quoted the TAC's referenced statements for the purpose of minimizing Defendants' clear warnings and disclosures.

Respectfully submitted,

Dated: New York, New York
October 11, 2019

By: /s/ Robert A. Horowitz
Robert A. Horowitz
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, NY 10166
Tel: (2123) 801-2194
Fax: (212) 801-6400
Email: horowitzr@gtlaw.com

Daniel J. Tyukody
GREENBERG TRAURIG. LLP
1840 Century Park East, Suite 1900
Los Angeles, California 90017
Tel: (310) 586-7723
Fax: (310) 586-0233
Email: tyukodyd@gtlaw.com

*Attorneys for HELIOS and MATHESON ANALYTICS, INC., THEODORE FARNSWORTH, STUART BENSON and MITCH LOWE*

---

[5] *See, e.g., Bahnmaier v. Bank of Am. Corp.,* 2012 U.S. Dist. LEXIS 55234, at *41-42 (S.D.N.Y. Apr. 12, 2012) ("press reports were specific accounts of concrete, knowable facts that the plaintiff now claims were omitted by defendants."); *White v. H&R Block, Inc.,* 2004 U.S. Dist. LEXIS 14522 at *36 (S.D.N.Y. July 27, 2004) ("the truth was all over the market").

3