**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE HELIOS AND MATHESON ANALYTICS, INC. SECURITIES LITIGATION | Case No. 1:18-cv-06965-JGK<br><br>**CLASS ACTION** |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

WHEREAS, the Helios and Matheson Investor Group ("Lead Plaintiff"), comprised of George Hurst, Marcus Washington, Daniel Mercer, Juan Taveras, and Amit Katiyar, on behalf of themselves and the Settlement Class, and defendants Theodore Farnsworth ("Farnsworth"), Stuart Benson ("Benson"), and Mitch Lowe ("Lowe" and collectively with Farnsworth, and Benson, the "Individual Defendants"), have entered into the Stipulation and Agreement of Settlement, dated December 11, 2020 (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Federal Rule of Civil Procedure 23 and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Third Amended Class Action Complaint ("Complaint"), filed on August 16, 2019, on the merits and with prejudice (the "Settlement"); and the Court having read and considered the Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this order, and the Parties to the Stipulation having consented to the entry of this order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 23rd day of December, 2020 that:

1.  Capitalized terms used herein have the meanings defined in the Stipulation.

2.  The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed

Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), taking into account that: (1) Lead Plaintiff and Lead Counsel have adequately represented the Class; (2) the proposal was negotiated at arm's length; (3) the relief provided for the Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the class; (iii) the terms of the proposed award of attorneys' fees; and (iv) agreements identified pursuant to Federal Rule of Civil Procedure 23(e)(3); and (4) the proposal treats class members equitably relative to each other, subject to further consideration at the Settlement Hearing described below.

3.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, for the purposes of Settlement only, the Class consisting of all persons and entities that purchased or otherwise acquired shares of common stock of Helios, during the period from August 15, 2017 and July 26, 2018, inclusive, and who were damaged thereby. Excluded from the Class are: (i) Defendants; (ii) their immediate family members; (iii) any person who was an officer or director of Helios and/or MoviePass during the Class Period; (iii) any firm, trust, corporation, or other entity in which a Defendant has or had a controlling interest; and (iv) the legal representatives, affiliates, heirs, successors in-interest, or assigns of any such excluded person or entity. Also excluded from the Class will be any Person who or which timely and validly seeks exclusion from the Class in accordance with the requirements set forth below and in the Notice.

4.      The Court finds and preliminarily concludes that the prerequisites of class action certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied for the Class defined herein, in that:

(a)      the members of the Class are so numerous that joinder of all Class Members is impracticable;

(b)      there are questions of law and fact common to the Class Members;

(c)      the claims of Lead Plaintiff are typical of the Class's claims;

(d)      Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Class;

(e)      the questions of law and fact common to Class Members predominate over any individual questions; and

(f)      a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Class Members in individually controlling the litigation of their claims.

5.      Pursuant to Federal Rule of Civil Procedure 23, preliminarily and for the purposes of this Settlement only, the members of the Helios and Matheson Investor Group are certified as the class representatives on behalf of the Class ("Class Representatives") and Lead Counsel, previously selected by Lead Plaintiff and court-appointed Lead Counsel, are hereby appointed as Lead Counsel for the Class ("Class Counsel").

6.      A hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23 is hereby scheduled to be held before the Court, either in person or telephonically at the Court's discretion, on May 6th, 2021, at 10:00 a.m. for the following purposes:

(a)      to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)      to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)      to determine, for purposes of the Settlement only, whether the Class should be finally certified; whether the members of the Lead Plaintiff group should be finally certified as class representatives for the Class; whether the law firm of Levi & Korsinsky, LLP should be finally appointed as Class Counsel for the Class;

    (d)  to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

    (e)  to consider Lead Counsel's application for an award of attorneys' fees and expenses (which may include an application for an incentive payment to Lead Plaintiff, which payment includes but is not limited to reimbursement of Lead Plaintiff's reasonable costs and expenses directly related to their representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

    (f)  to rule upon such other matters as the Court may deem appropriate.

   7.  The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class of any kind. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees or expenses. The Court may also adjourn the Settlement Hearing, decide to hold the hearing telephonically or by video conference, or modify any of the dates herein, without further individual notice to members of the Class. Any such changes shall be posted on the website of the Claims Administrator.

   8.  The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice"), the Proof of Claim and Release form ("Claim Form"), and the short-form postcard notice (the "Postcard Notice") substantially in the forms annexed hereto as Exhibits A-1, A-2, and A-3, respectively.

   9.  The Court approves the retention of JND Legal Administration, as the Claims Administrator.

   10.  The Claims Administrator shall cause the Postcard Notice, substantially in the form annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before thirty (30) calendar days after entry of this Preliminary Approval Order ("Notice Date"), to all Class Members and/or third-party nominees who can be identified with reasonable effort. The Individual Defendants, to the extent they have not already done so, shall use their best efforts to obtain and provide to Lead

Counsel, or the Claims Administrator, transfer records in electronic searchable form containing the names and addresses of record purchasers of Helios common stock during the Class Period within ten (10) business days after entry of this Preliminary Approval Order. The Individual Defendants' efforts herein shall include, but are not limited to, requesting from the Bankruptcy Trustee that Helios's transfer agent during the Class Period, Computershare Limited, grant Plaintiffs and the Claims Administrator any necessary authorizations or permissions to access the transfer records described in this Paragraph.

11.     The Claims Administrator shall cause the Notice and the Claim Form, substantially in the forms annexed hereto, to be posted on the Claims Administrator's website within fifteen (15) calendar days after entry of this Order.

12.     The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities that purchased or acquired Helios common stock during the Class Period as record owners but not as beneficial owners. Such nominees SHALL EITHER: (a) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and WITHIN SEVEN (7) CALENDAR DAYS of receipt of those Postcard Notices from the Claims Administrator forward them to all such beneficial owners; or (b) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Postcard Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Postcard Notice promptly to such identified beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. Nominees who elect to send the Postcard Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Postcard Notices from the Claims Administrator and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable

expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

13.     Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Postcard Notice and posting of the Notice and Claim Form.

14.     The Court approves the form of the Publication Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Publication Notice") substantially in the form annexed hereto as Exhibit A-4, and directs that Lead Counsel shall cause the Publication Notice to be published in *Investor's Business Daily* and be transmitted over *PR Newswire*, or a similar widely-circulated national wire service, within twenty (20) calendar days after the entry of the Preliminary Approval Order. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Publication Notice.

15.     The form and content of the notice program described herein, and the methods set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

16.     In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a)     A properly executed Claim Form, substantially in the form annexed hereto as Exhibit A-2, must be submitted to the Claims Administrator electronically or, at the address indicated in the Notice, postmarked no later than thirty (30) calendar days after the Settlement Hearing. Such deadline may be further extended by Court order or by Lead Counsel in their discretion. Each Claim Form shall be deemed to have been submitted (i) when electronically received via the electronic claims submission process described in the Claim Form on the Claims

Administrator's website; or (ii) when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Postcard Notice. Any Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 18 of this order.

(b)      The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of her current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)      As part of the Claim Form, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

17.      Any Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

18.      Class Members shall be bound by all orders, determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A putative Class

Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Such request for exclusion must state the name, address and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Class in *In re Helios and Matheson Analytics, Inc. Securities Litigation*, Case No. 1:18-cv-06965-JGK (S.D.N.Y.)" and must be signed by such Person. Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases or acquisitions of Helios common stock during the Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

19.     Putative Class Members requesting exclusion from the Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and the Notice.

20.     The Court will consider any Class Member's objection to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees or expenses only if such Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Lead Counsel: Shannon L. Hopkins, Levi & Korsinsky, LLP, 1111 Summer Street, Suite 403, Stamford, CT 06905; and the Individual Defendants' Counsel: Robert A. Horowitz, Greenberg Traurig, LLP, 200 Park Avenue, New York, NY 10166; and has filed, either by mail or in person, said objections and supporting papers with the Clerk, United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007. Any Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall

otherwise be bound by the Judgment to be entered and the releases to be given. Attendance at the hearing is not necessary, however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

21.     Class Members do not need to appear at the hearing or take any other action to indicate their approval.

22.     Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against the Released Defendant Parties.

23.     As provided in the Stipulation, prior to the Effective Date, Lead Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Settlement Fund not to exceed $200,000.00 without further approval from the Individual Defendants and without further order of the Court.

24.     All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

25.     No person who is not a Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

26.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation or further order of the Court.

27.     Neither the Individual Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorney's fees or expenses submitted by Lead Counsel or Lead Plaintiff, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

28.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of October 5, 2020.

29.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this 23rd day of December, 2020.

BY THE COURT:

_____/s/ John G. Koeltl_____
Honorable John G. Koeltl
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE HELIOS AND MATHESON ANALYTICS, INC. SECURITIES LITIGATION | Case No. 1:18-cv-06965-JGK <br><br> **CLASS ACTION** |

### NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED CLASS ACTION SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

**If you purchased or otherwise acquired publicly traded common stock of Helios and Matheson Analytics, Inc. ("Helios"), during the period from August 15, 2017 and July 26, 2018, inclusive, (the "Class Period") and were damaged thereby (the "Class"), you may be entitled to a payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The purpose of this Notice is to inform you of the pendency of this securities class action (the "Action"), the proposed settlement of the Action (the "Settlement"), and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") should be approved; and (iii) Lead Counsel's application for attorneys' fees and expenses. This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, wish to object, or wish to be excluded from the Class.[1]

- If approved by the Court, the proposed Settlement will create a $8,250,000 settlement fund, plus earned interest, for the benefit of eligible Class Members, less any attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes.

- The Settlement resolves claims by the Court-appointed Lead Plaintiff and Class Representatives, the Helios and Matheson Investor Group, comprised of George Hurst, Marcus Washington, Daniel Mercer, Juan Taveras, and Amit Katiyar (collectively, "Lead Plaintiff"), that have been asserted on behalf of the Class against Theodore Farnsworth ("Farnsworth"), Stuart Benson ("Benson"), and Mitch Lowe ("Lowe" and collectively with Farnsworth, and Benson, the "Individual Defendants"). It releases the Released Defendant Parties (defined below) from liability.

**If you are a Class Member, your legal rights will be affected by this Settlement whether you act or do not act. Please read this Notice carefully.**

---

[1] All capitalized terms not otherwise defined in this notice shall have the meaning provided in the Stipulation and Agreement of Settlement, dated December 11, 2020 (the "Stipulation").

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
| --- | --- |
| **SUBMIT A CLAIM FORM BY JUNE 7, 2021** | The <u>only</u> way to get a payment. *See* Question 8 below for details. |
| **EXCLUDE YOURSELF FROM THE CLASS BY APRIL 15, 2021** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against the Individual Defendants or the other Released Defendant Parties concerning the Released Claims. *See* Question 11 below for details. |
| **OBJECT BY APRIL 15, 2021** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, or the Fee and Expense Application. If you object, you will still be a member of the Class. *See* Question 16 below for details. |
| **GO TO A HEARING ON MAY 6, 2021 AND FILE A NOTICE OF INTENTION TO APPEAR BY APRIL 15, 2021** | Ask to speak in Court at the Settlement Hearing about the Settlement. *See* Question 19 below for details. |
| **DO NOTHING** | Get no payment AND give up your rights to bring your own individual action. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## SUMMARY OF THE NOTICE

**Statement of the Class's Recovery**

1. Subject to Court approval, Lead Plaintiff, on behalf of the Class, has agreed to settle the Action in exchange for a payment of $8,250,000 (the "Settlement Amount"), which will be deposited into an Escrow Account and may earn interest (the "Settlement Fund"). The Net Settlement Fund (as defined below) will be distributed to Class Members according to the Court-approved plan of allocation (the "Plan of Allocation" or "Plan"). The proposed Plan of Allocation is set forth on pages 24-32 below.

**Estimate of Average Amount of Recovery Per Share**

2.      Based on Lead Plaintiff's consulting damages expert's estimate of potentially damaged shares under the Plan of Allocation described below, Lead Plaintiff estimates this represents an average recovery of $4.08 per damaged share of Helios common stock, (before deduction of any Court-approved fees and expenses, such as attorneys' fees and expenses, Taxes, and Notice and Administration Expenses), based on the estimated number of allegedly damaged shares of Helios common stock held through an alleged corrective disclosure that was statistically significant. If the Court approves the Fee and Expense Application (discussed below), including deduction of estimated attorneys' fees and expenses, Taxes, and Notice and Administration Expenses, Plaintiffs estimate the average recovery would be approximately $2.87 per allegedly damaged share. **Please note, however, that these average recovery amounts are only estimates and Class Members may recover more or less than these estimated amounts.** An individual Class Member's actual recovery will depend on for example: (i) the total number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when the Class Member purchased or acquired Helios common stock during the Class Period; and (iv) whether and when the Class Member sold or disposed of Helios common stock. *See* the Plan of Allocation beginning on page 24 for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to be Litigated**

3.      The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiff were to prevail on each claim asserted against the Individual Defendants. The issues on which the Parties disagree include, for example: (i) whether the Individual Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) whether any such

allegedly materially false or misleading statements or omissions were made with the required level of intent or recklessness; (iii) the amounts by which the prices of Helios common stock was allegedly artificially inflated during the Class Period; (iv) the extent to which factors such as general market, economic and industry conditions, influenced the trading prices of Helios common stock during the Class Period; and (v) whether or not the Individual Defendants' allegedly false and misleading statements proximately caused the losses suffered by the Class.

4. The Individual Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiff and the Class have suffered any loss attributable to the Individual Defendants' actions or omissions. While Lead Plaintiff believes the claims are meritorious, Lead Plaintiff recognizes that there are significant obstacles in the way to recovery.

**Statement of Attorneys' Fees and Expenses Sought**

5. Lead Counsel, on behalf of themselves, and other Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed one-quarter (25%) of the Settlement Fund, which includes any accrued interest. Lead Counsel will also apply for payment of litigation expenses incurred by Plaintiffs' Counsel in prosecuting the Action in an amount not to exceed $166,500 plus accrued interest, which may include an application for an incentive payment to Lead Plaintiff, which payment includes but is not limited to reimbursement of Lead Plaintiff's reasonable costs and expenses (including lost wages) directly related to their representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). If the Court approves Lead Counsel's Fee and Expense Application, including deduction of estimated attorneys' fees and expenses, Taxes, and Notice and

4

Administration Expenses, the average amount of fees and expenses, assuming claims are filed for all shares eligible to participate in the Settlement, will be, per Plaintiffs' estimate, approximately $2.87 per allegedly damaged share of Helios common stock. A copy of the Fee and Expense Application will be posted on www.heliosandmathesonsecuritielitigation.com after it has been filed with the Court.

**Reasons for the Settlement**

6.      For Lead Plaintiff, the principal reason for the Settlement is the guaranteed cash benefit to the Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the risk that the Court may grant the Individual Defendants' pending motion to dismiss, or, in the event the motion to dismiss was denied, some or all of the motions that the Individual Defendants were virtually certain to file in the future; the risks of litigation, especially in complex securities actions like this; as well as the difficulties and delays inherent in such litigation (including any trial and appeals) and where, as here, the Company has filed Chapter 7 bankruptcy. For the Individual Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Attorneys' Representatives**

7.      Lead Plaintiff and the Class are represented by Lead Counsel, Levi & Korsinsky, LLP, Shannon L. Hopkins, 1111 Summer Street, Suite 403, Stamford, CT 06905, www.zlk.com, 203-992-4523.

8.      Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator, JND Legal Administration, at the address below,

or      Lead      Counsel,      or      visiting      the      Settlement      website      at

www.heliosandmathesonsecuritielitigation.com.

Helios and Matheson Analytics Securities Litigation
c/o JND Legal Administration
P.O. Box 91384
Seattle, WA 98111
info@heliosandmathesonsecuritieslitigation.com
833-707-1451
**Please Do Not Call the Court with Questions About the Settlement.**

BASIC INFORMATION

| 1. Why was I directed to this Notice? |
| --- |

9.      You or someone in your family, or an investment account for which you serve as a custodian, may have purchased or otherwise acquired shares of common stock of Helios, during the Class Period of August 15, 2017 and July 26, 2018, inclusive, and may be a Class Member. This Notice explains the Action, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get those benefits. Your receipt of this Notice does not mean that you are a Member of the Class or that you will be entitled to receive a payment. **If you wish to be eligible for a payment, you are required to submit the Claim Form that is available on the Settlement website at www.heliosandmathesonsecuritieslitigation.com.** *See* **Question 8 below.**

10.      The Court directed that this Notice be made publicly available on this website to inform Class Members of the terms of the proposed Settlement and about all of their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's Fee and Expense Application (the "Settlement Hearing").

11.      The Court in charge of the Action is the United States District Court for the Southern District of New York, and the case is known as *In re Helios and Matheson Analytics, Inc. Securities Litigation,* Case No. 1:18-cv-06965-JGK. The Action is assigned to the Honorable John G. Koeltl, United States District Judge.

| 2. What is this case about and what has happened so far? |
| --- |

12.      Helios is a former data analytics company that was run by Defendant Farnsworth as Chief Executive Officer, and by Defendant Benson as Chief Financial Officer. Helios

announced that it was acquiring a majority position in MoviePass Inc. ("MoviePass"), a subscription-based movie ticket service, on August 15, 2017, which provided a new primary line of business for Helios. At all relevant times, Defendant Lowe served as Chief Executive Officer of MoviePass.

13.     Lead Plaintiff alleges that the merger between Helios and MoviePass provided a whirlwind of investor excitement and media coverage for Helios, whose other lines of business had deteriorated over the preceding several years and resulted in mounting losses. Although MoviePass itself had sustained material losses before the merger when charging as high as $75 per month, the Individual Defendants introduced a new monthly price of just $9.95 in connection with merger while touting the combined Company's prospects and purported revenue possibilities. Plaintiffs allege that the Individual Defendants violated the federal securities laws throughout the Class Period by misrepresenting MoviePass's prospects for Helios, and concealing the likelihood of disastrous losses incurred by MoviePass operations and the Company's $9.95 per month business model.

14.     Plaintiffs allege that the market learned of Defendants' alleged misrepresentations and omissions over a series of eight (8) statistically significant corrective disclosures that caused the Company's stock price to plummet from a historic high of $32.90 in October 2017, to less than a penny by the end of the Class Period, when accounting for a 250-for-1 reverse split. These statistically significant corrective disclosures occurred on: (i) October 11, 2017, when Helios announced risk factors related to its merger with MoviePass; (ii) December 12, 2017, when Helios announced a public offering of newly issued common stock and warrants; (iii) February 12, 2018 when Helios announced a public offering of newly issued common stock and warrants; (iv) after market close on April 18, 2018 when Helios announced an at-the-market public offering of newly issued common stock, and before market open on April 19, 2018 when Helios announced a public offering of newly issued common stock and warrants; (v) before market open on May 8, 2018, when Helios filed a Form 8-K with the United States Securities and Exchange Commission ("SEC") announcing lower than expected cash on hand; (vi) June 19, 2018, when Helios filed a

Schedule 14A Proxy Statement with the SEC to seek approval of shareholders to authorize the Company to increase the number of its common stock from 500 million to 2 billion, and to approve a 250-for-1 reverse stock split; (vii) July 24, 2018, when Helios announced it had effectuated the 250-for-1 reverse stock split; and (viii) July 26, 2018, when Helios announced it had issued a demand note in the principle amount of $6.2 million because it was not able to make required payments to merchants and fulfillment processors.

15.     On August 2, 2018, a purported securities class action was filed in the United States District Court for the Southern District of New York captioned *Chang v. Helios and Matheson Analytics, Inc., et al.*, No. 18-6965 (S.D.N.Y) (the "*Chang* Action") on behalf of all investors who purchased or otherwise acquired Helios common stock between August 15, 2017 and July 26, 2018. On August 10, 2018, 2018, a similar action captioned *Braxton v. Benson, et al.*, No. 18-7242 (S.D.N.Y.) (the "*Braxton* Action") was also filed in this Court seeking the same relief on behalf of the same defined class.

16.     On November 16, 2018, the Court issued an Order: (i) consolidating the *Chang* and *Braxton* Actions; (ii) appointing the Helios and Matheson Investor Group as Lead Plaintiff; (iii) appointing Levi & Korsinsky, LLP as Lead Counsel; and (iv) directing Lead Plaintiff to submit a consolidated amended complaint by January 4, 2019.

17.     In an order dated November 27, 2018, and entered on November 28, 2018, the Court, among other actions, amended the case caption of the consolidated *Chang* and *Braxton* Actions and ordered that every subsequently-filed pleading bear the case name: *In re Helios and Matheson Analytics, Inc. Securities Litigation*.

18.     On January 4, 2019, Lead Plaintiff filed the Amended Class Action Complaint. On January 8, 2019, Lead Plaintiff filed a corrected Amended Class Action Complaint alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and SEC Rule 10b-5 promulgated thereunder, against Defendants, on behalf of itself and all other persons or entities who purchased or otherwise acquired publicly traded common stock of Helios

between August 15, 2017 and July 26, 2018 (the "Class Period"), inclusive, and were damaged thereby (the "Class").

19.     Defendants filed a motion to dismiss the Amended Class Action Complaint on February 25, 2019.

20.     On April 3, 2019, Lead Plaintiff filed the Second Amended Class Action Complaint. Defendants filed a motion to dismiss the Second Amended Class Action Complaint on May 24, 2019. On July 15, 2019, Lead Plaintiff opposed Defendants' motion to dismiss and, concurrently, moved the Court for leave to supplement the Second Amended Class Action Complaint.

21.     On August 6, 2019, the Court denied, without prejudice, both Defendants' motion to dismiss, as well as Lead Plaintiff's motion for leave to supplement the Second Amended Class Action Complaint. The Court also ordered Lead Plaintiff to submit an amended complaint by August 16, 2019.

22.     On August 16, 2019, Lead Plaintiff filed the operative Third Amended Class Action Complaint (the "Complaint").

23.     On September 11, 2019, Defendants filed a motion to dismiss the Complaint which Lead Plaintiff opposed on September 27, 2019. On October 11, 2019, Defendants filed a reply in further support of their motion to dismiss.

24.     On January 28, 2020, the Company filed a voluntary Chapter 7 Petition in the United States Bankruptcy Court for the Southern District of New York, of which the Company advised the Court on January 30, 2020. On January 30, 2020, the Court ordered that this Action be stayed as to the Company only, but allowed the case to proceed against the Individual Defendants.

25.     On June 2, 2020, Lead Plaintiff moved the Court for limited relief from the Private Securities Litigation Reform Act of 1995 ("PSLRA") automatic discovery stay, which the Individual Defendants opposed on June 16, 2020. Lead Plaintiff filed a reply in further support of

their motion on June 23, 2020. On July 16, 2020, the Individual Defendants filed their sur-reply in further opposition to Lead Plaintiff's motion for limited relief from the PSLRA.

26.     On July 30, 2020, Lead Plaintiff gave a presentation to the Individual Defendants' insurance carriers regarding Lead Plaintiff's settlement position. On September 16, 2020, Lead Counsel and counsel for the Individual Defendants engaged in a full-day mediation session before David Murphy, Esq., of Phillips ADR, a well-respected and highly experienced mediator. Counsel for the Bankruptcy Trustee and various insurance carriers also attended the mediation. In advance of the mediation session, Lead Plaintiff, the Individual Defendants, and the insurance carriers exchanged detailed mediation statements along with supporting exhibits. Lead Plaintiff and the Individual Defendants ended the September 16, 2020 mediation without reaching a resolution of the Action. In the weeks following the mediation, Lead Plaintiff and the Individual Defendants continued to negotiate a possible settlement. On October 5, 2020, the Parties agreed to Mr. Murphy's personal mediator's double-blind proposal to resolve the claims in the Action.

27.     On October 6, 2020, Lead Plaintiff and the Individual Defendants notified the Court that Lead Plaintiff and the Individual Defendants had agreed in principle to resolve all issues and claims involved in this Action.

28.     On October 13, 2020, the Court held a teleconference regarding outstanding motions and ordered that Lead Plaintiff's pending motion for limited relief from the PSLRA stay and the Individual Defendants' pending motion to dismiss be withdrawn without prejudice to renewal, pending approval of a forthcoming proposed settlement.

**3. Why is this a class action?**

29.     In a class action, one or more persons or entities (in this case, Lead Plaintiff), sue on behalf of people and entities who or which have similar claims. Together, these people and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows the adjudication of many similar claims of persons and entities who or which might

be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

**4. What are the reasons for the Settlement?**

30.     The Court did not finally decide in favor of Lead Plaintiff or the Individual Defendants. Instead, both sides agreed to a settlement that will end the Action. Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit, however, Lead Plaintiff and Lead Counsel recognize the expense and length of continued proceedings necessary to pursue the claims through trial and appeals, as well as the difficulties in establishing liability and damages. In light of the Settlement and the guaranteed cash recovery to the Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.

31.     The Individual Defendants have denied and continue to deny any allegations of wrongdoing contained in the Complaint and further deny that they did anything wrong, that Lead Plaintiff or the Class suffered damages or that the price of Helios common stock was artificially inflated by reasons of alleged misrepresentations, nondisclosures, or otherwise. The Settlement should not be seen as an admission or concession on the part of the Individual Defendants. The Individual Defendants have taken into account the burden, expense, uncertainty, distraction, and risks inherent in any litigation and have concluded that it is desirable to settle upon the terms and conditions set forth in the Stipulation.

**5. How do I know if I am part of the Class?**

32.     Everyone who fits the following description is a Class Member and subject to the Settlement unless they are an excluded person (*see* Question 6 below) or take steps to exclude themselves from the Class (*see* Question 11 below): **all investors who purchased or otherwise**

**acquired publicly traded common stock of Helios, during the period from August 15, 2017 and July 26, 2018, inclusive, and were injured thereby.**

33.     Receipt of a Postcard Notice does not mean that you are a Class Member. The Parties do not have access to your transactions in Helios common stock. Please check your records or contact your broker to see if you are a member of the Class. If one of your mutual funds purchased Helios common stock during the Class Period, that alone does not make you a Class Member. You are a Class Member only if you individually purchased or otherwise acquired publicly traded common stock of Helios during the Class Period.

| **6. Are there exceptions to the definition of the Class and to being included?** |
| --- |

34.     Yes. There are some individuals and entities who or which are excluded from the Class by definition. Excluded from the Class are: (i) Defendants; (ii) their immediate family members; (iii) any person who was an officer or director of Helios and/or MoviePass during the Class Period; (iii) any firm, trust, corporation, or other entity in which a Defendant has or had a controlling interest; (iv) the legal representatives, affiliates, heirs, successors in-interest, or assigns of any such excluded person or entity; and (v) anyone who was not damaged.

35.     If you sold, or otherwise disposed of all, of your Helios common stock prior to the first alleged corrective disclosure, which occurred after the market closed on October 11, 2017, and made no subsequent purchases from October 12, 2017, through July 26, 2018, you are not a member of the Class because you were not damaged.

36.     Also excluded from the Class will be any Person who or which timely and validly seeks exclusion from the Class in accordance with the procedures described in Question 11 below or whose request is otherwise allowed by the Court.

## THE SETTLEMENT BENEFITS

| **7. What does the Settlement provide?** |
|---|

37.     In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties, the Individual Defendants have agreed to create a $8,250,000 cash fund, which may accrue interest, to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Class Members who submit valid Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

| **8. How can I receive a payment?** |
|---|

38.     To qualify for a payment, you must submit a timely and valid Claim Form. A Claim Form is available from the website dedicated to the Settlement: www.heliosandmathesonsecuritieslitigation.com, or upon request by calling the Claims Administrator toll-free at 833-707-1451 or writing the Claims Administrator at Helios and Matheson Analytics Securities Litigation, c/o JND Legal Administration, P.O. Box 91384, Seattle, WA 98111. Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it electronically through www.heliosandmathesonsecuritieslitigation.com to the Claims Administrator so that it is **postmarked or received no later than June 7, 2021.**

| **9. When will I receive my payment?** |
|---|

39.     The Court will hold a Settlement Hearing on **May 6, 2021** to decide, among other things, whether to finally approve the Settlement. Even if the Court approves the Settlement, there

may be appeals which can take time to resolve, perhaps more than a year. It also takes a long time for all of the Claim Forms to be accurately reviewed and processed. Please be patient.

| 10. What am I giving up to receive a payment or stay in the Class? |

a)     If you are a member of the Class, unless you exclude yourself, you will remain in the Class, and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Claims" against the "Released Defendant Parties." Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Individual Defendants about the Released Claims. It also means that all of the Court's Orders will apply to you and legally bind you and you will release your claims against the Individual Defendants. **"Released Claims"** means any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims (defined below), contingent or absolute, mature or not mature, discoverable or undiscoverable, liquidated or not liquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common or foreign law, or any other law, rule, or regulation, that Lead Plaintiff or any other Class Member: (i) asserted in the Action against any of the Released Defendant Parties; or (ii) could have asserted in the Action or any forum, domestic or foreign, against any of the Released Defendant Parties that arise out of, are based upon, or relate to, directly or indirectly, in whole or in part, (1) the allegations, transactions, facts, statements, disclosures, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action and the purchase or acquisition of Helios common stock during the Class Period; or (2) the Individual Defendants' and/or their attorneys' defense or settlement of the Action and/or claims alleged therein; or both. Released Claims do not include: (i) claims relating to the enforcement of the Settlement; (ii) any claims asserted in the Bankruptcy, *In re Helios and Matheson Analytics, Inc., a/k/a MovieFone, et al.*, Case No. 20-10242-SMB, including, but not limited to claims brought by Lead Plaintiff and/or Class Members; and (iii) any claims of Persons who submit a request for exclusion that is accepted by the Court.

(a)     **"Released Defendant Parties"** means the Individual Defendants, the Individual Defendants' Counsel, and each of their respective past, present, or future spouses, members of the families, representatives, and heirs of the Individual Defendants, as well as any trust of which any Individual Defendant is the settlor or which is for the benefit of any of their immediate family members; any firm, trust, corporation, or entity in which any Individual Defendant has a controlling interest, as well as any director or officer of such firm, trust, corporation or entity, and any of the legal representatives, heirs, successors in interest or assigns of the Individual Defendants.  Released Defendant Parties also include any other directors, officers, employees, or agents of the Company or any of its subsidiaries during the Class Period, including but not limited to MoviePass, and regardless of whether the individuals were named as Defendants in the Action.  Released Defendant Parties also include any insurer who provided or could provide defense, indemnity, and/or other coverage in the Action, including but not limited to Argonaut Insurance Company, StarStone Specialty Insurance Company, Westchester/Chubb, Endurance Specialty Insurance Company, Freedom Specialty Insurance Company, AXIS Insurance Company, QBE Insurance Company, and ANV.

(b)     "**Unknown Claims**" means any and all Released Claims that Lead Plaintiff or any other Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Individual Defendant does not know or suspect to exist in his or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon

the Effective Date, Lead Plaintiff and the Individual Defendants shall expressly, and each other

Class Member shall be deemed to have, and by operation of the Judgment shall be deemed to have,

to the fullest extent permitted by law, expressly waived and relinquished any and all provisions,

rights and benefits conferred by any law of any state or territory of the United States or foreign

law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code §

1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff, other Class Members, or the Individual Defendants may hereafter discover facts,

legal theories, or authorities in addition to or different from those which any of them now knows

or believes to be true with respect to the subject matter of the Released Claims and the Released

Defendants' Claims, but Lead Plaintiff and the Individual Defendants shall expressly, fully,

finally, and forever settle and release, and each Class Member shall be deemed to have settled and

released, and upon the Effective Date and by operation of the Judgment shall have settled and

released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims

as applicable, without regard to the subsequent discovery or existence of such different or

additional facts, legal theories, or authorities. Plaintiffs and the Individual Defendants

acknowledge, and other Class Members by operation of law shall be deemed to have

acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and

Released Defendants' Claims was separately bargained for and was a material element of the

Settlement.

40.     The "Effective Date" will occur when an Order entered by the Court approving the

Settlement becomes Final and is not subject to appeal. If you remain a member of the Class, all of

the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you. Upon the Effective Date, the Individual Defendants will also provide a release of any claims against Lead Plaintiff and the Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

## EXCLUDING YOURSELF FROM THE CLASS

41.     If you do not want to be eligible to receive a payment from the Settlement but you want to keep any right you may have to sue or continue to sue the Released Defendant Parties on your own about the Released Claims, then you must take steps to remove yourself from the Class. This is called excluding yourself or "opting out." **Please note: if you bring your own claims, Defendants will have the right to seek their dismissal, including because the suit is not filed within the applicable time periods required for filing suit. Also, the Individual Defendants may terminate the Settlement if Class Members who purchased in excess of a certain amount of shares of Helios common stock seek exclusion from the Class.**

**11. How do I exclude myself from the Class?**

42.     To exclude yourself from the Class, you must mail a signed letter stating that you "request to be excluded from the Class in *In re Helios and Matheson Analytics, Inc. Securities Litigation*. Case No. 1:18-cv-06965-JGK (S.D.N.Y.)." You cannot exclude yourself by telephone or e-mail. Each request for exclusion must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of Helios common stock purchased, acquired, and/or sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion must be mailed, so that it is **received no later than April 15, 2021,** to:

Helios and Matheson Analytics Securities Litigation
c/o JND Legal Administration
P.O. Box 91384
Seattle, WA 98111
info@heliosandmathesonsecuritieslitigation.com
833-707-1451

**Your exclusion request must comply with these requirements in order to be valid, unless it is otherwise accepted by the Court.**

43.    If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because you will not be a Class Member. However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) the Individual Defendants and the other Released Defendant Parties in the future, assuming your claims are timely. If you have a pending lawsuit against any of the Released Defendant Parties, **please speak to your lawyer in the case immediately.**

**12. If I do not exclude myself, can I sue the Individual Defendants and the other Released Defendant Parties for the same thing later?**

44.    No. Unless you properly exclude yourself, you will give up any rights to sue the Individual Defendants and the other Released Defendant Parties for any and all Released Claims.

**THE LAWYERS REPRESENTING YOU**

**13. Do I have a lawyer in this case?**

45.    The Court appointed the law firm of Levi & Korsinsky, LLP to represent all Class Members. These lawyers are called "Lead Counsel." You will not be separately charged for these lawyers. The Court will determine the amount of Plaintiffs' Counsel's fees and expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 14. How will the lawyers be paid? |
| --- |

46.     Plaintiffs' Counsel have not received any payment for their services in pursuing the claims against Defendants on behalf of the Class, nor have they been paid for their litigation expenses. Lead Counsel will ask the Court to award Plaintiffs' Counsel attorneys' fees of no more than one-quarter (25%) of the Settlement Fund, which will include any accrued interest. Plaintiffs' Counsel are Levi & Korsinsky, LLP and Bragar Eagel & Squire, P.C. No other attorneys will share in the fee awarded by the Court. Lead Counsel will also seek payment of litigation expenses incurred by Plaintiffs' Counsel in the prosecution of the Action of no more than $166,500, plus accrued interest, which may include an application for an incentive payment to Lead Plaintiff, which payment includes but is not limited to reimbursement of Lead Plaintiff's reasonable costs and expenses directly related to their representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

| 15. How do I tell the Court that I do not like something about the proposed Settlement? |
| --- |

47.     If you are a Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, or the Fee and Expense Application. You can ask the Court not to approve the Settlement, however you cannot ask the Court to order a different settlement; the Court can only approve or deny this Settlement. If the Court denies approval of the Settlement, no payments will be made to Class Members, the Parties will return to the position they were in before the Settlement was agreed to, and the Action will continue.

48.     To object, you must send a signed letter stating that you object to the proposed Settlement, the proposed Plan of Allocation, or the Fee and Expense Application in "*In re Helios and Matheson Analytics, Inc. Securities Litigation*. Case No. 1:18-cv-06965-JGK (S.D.N.Y.)."

Your objection must state why you are objecting and whether your objection applies only to you, a subset of the Class, or the entire Class. The objection must also: (i) include the name, address, and telephone number of the person or entity objecting; (ii) contain a statement of the objection and the specific reasons for it, including any legal and evidentiary support (including witnesses) the Class Member wishes to bring to the Court's attention; and (iii) documentation identifying the number of shares of Helios common stock the person or entity purchased, acquired, and/or sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale. Unless otherwise ordered by the Court, any Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application. Your objection must be filed with the Court at the address below, either by mail or in person, **no later than April 15, 2021 and** be mailed or delivered to each of the following counsel so that it is **received no later than April 15, 2021:**

| **Court** | **Lead Counsel** | **Individual Defendants' Counsel Representatives** |
|---|---|---|
| Ruby J. Krajick<br>Clerk of the Court<br>United States District Court<br>Daniel Patrick Moynihan<br>United States Courthouse<br>500 Pearl St.<br>New York, NY 10007 | Levi & Korsinsky LLP<br>Shannon L. Hopkins<br>1111 Summer St.,<br>Suite. 403<br>Stamford, CT 06905 | Greenberg Traurig, LLP<br>Robert A. Horowitz<br>200 Park Avenue<br>New York, NY 10166 |

---

**16. What is the difference between objecting and seeking exclusion?**

49.     Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application. You can still recover money from the Settlement. You can object *only* if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself

from the Class, you have no basis to object because the Settlement and the Action no longer affect you.

## THE SETTLEMENT HEARING

**17. When and where will the Court decide whether to approve the proposed Settlement?**

50.     The Court will hold the Settlement Hearing on **May 6, 2021 at 10:00 a.m.**, either telephonically and/or in Courtroom 14A of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007. At this hearing, the Court will consider, whether: (i) the Settlement is fair, reasonable and adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; (iii) service awards to the Lead Plaintiff are reasonable and should be approved; and (iv) Lead Counsel's Fee and Expense Application is reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 15 above. We do not know how long it will take the Court to make these decisions.

51.     You should be aware that the Court may change the date and time of the Settlement Hearing, or hold the hearing telephonically, without another notice being sent to Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date or time has not changed, periodically check the settlement website at www.heliosandmathesonsecuritieslitigation.com, or periodically check the Court's website at https://www.nysd.uscourts.gov/ to see if the Settlement Hearing stays as calendared or is changed. Subscribers to PACER, a fee-based service, can also view the Court's docket for the Action for updates about the Settlement Hearing through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

**18. Do I have to come to the Settlement Hearing?**

52.     No. Lead Counsel will answer any questions the Court may have. But, you are welcome to attend at your own expense. If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it. You may have your own lawyer attend (at your own expense), but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 19 below **no later than April 15, 2021.**

**19. May I speak at the Settlement Hearing?**

53.     You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* Question 15), **no later than April 15, 2021** a statement that you, or your attorney, intend to appear in "*In re Helios and Matheson Analytics, Inc. Securities Litigation*. Case No. 1:18-cv-06965-JGK (S.D.N.Y.)." Persons who intend to present evidence at the Settlement Hearing must also include in their objections the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the hearing. You may not speak at the Settlement Hearing if you exclude yourself or if you have not provided written notice in accordance with the procedures described in this Question 19 and Question 15 above.

**IF YOU DO NOTHING**

**20. What happens if I do nothing at all?**

54.     If you do nothing and you are a member of the Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against the Individual Defendants and the other Released Defendant Parties concerning the Released Claims. To share in the Net Settlement Fund, you must

submit a Claim Form (*see* Question 8 above). To start, continue or be part of any other lawsuit against the Individual Defendants and the other Released Defendants' Parties concerning the Released Claims in this case, to the extent it is otherwise permissible to do so, you must exclude yourself from the Class (*see* Question 11 above).

## GETTING MORE INFORMATION

| 21. Are there more details about the Settlement? |
| --- |

55.    This Notice summarizes the proposed Settlement. More details are in the Stipulation. Lead Counsel's motions in support of final approval of the Settlement, the request for attorneys' fees and litigation expenses, and approval of the proposed Plan of Allocation will be filed with the Court no later than April 1, 2021 and be available from Lead Counsel, the Claims Administrator, or the Court, pursuant to the instructions below.

56.    Subscribers to PACER can view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

57.    You can also get a copy of the Stipulation and other case documents by calling the Claims Administrator toll free at 833-707-1451 writing to the Claims Administrator at Helios and Matheson Analytics Securities Litigation, c/o JND Legal Administration, P.O. Box 91384, Seattle, WA 98111, or visiting the website dedicated to the Settlement, www.heliosandmathesonsecuritieslitigation.com.

**Please do not call the Court with questions about the Settlement.**
## PLAN OF ALLOCATION OF NET SETTLEMENT FUND

| 22. How will my claim be calculated? |
| --- |

58.    As discussed above, the Settlement provides $8.25 million ($8,250,000) in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses,

Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – i.e., members of the Class who timely submit valid Claim Forms that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the settlement website, www.heliosandmathesonsecuritieslitigation.com.

59.    The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

60.    The Plan of Allocation was developed in consultation with Class Representatives' damages expert. In developing the Plan of Allocation, Class Representatives' damages expert calculated the estimated amount of alleged artificial inflation in the per share prices of Helios's

common stock that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions. In calculating the estimated artificial inflation allegedly caused by those misrepresentations and omissions, Lead Plaintiff's damages expert considered price changes in Helios's common stock in reaction to public disclosures that allegedly corrected the respective alleged misrepresentations and omissions, adjusting the price change for factors that were attributable to market or industry forces, and for non-fraud related Company-specific information.

61.     In order to have recoverable damages under the federal securities laws, disclosure of the alleged misrepresentation and/or omission must be the cause of the decline in the price of the security. In this Action, Lead Plaintiff alleges that corrective information (referred to as a "corrective disclosure") was released to the market on October 11, 2017; December 12, 2017; February 12, 2018; April 18-19, 2018; May 8, 2018; June, 19 2018; July 24, 2018; and July 26, 2018. Lead Plaintiff alleges that, respectively, these corrective disclosures impacted the price of Helios And Matheson Analytics, Inc. common stock on: October 12, 2017; December 13, 2017; February 13, 2018; April 19, 2018; May 8, 2018; June 20, 2018; July 25, 2018; and July 27, 2018.

62.     In order to have a "Recognized Loss Amount" under the Plan of Allocation, shares of Helios And Matheson Analytics, Inc. publicly traded common stock must have been purchased or otherwise acquired during the Class Period and held through the issuance of at least one corrective disclosure.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

63.     Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Helios's publicly traded common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below,

that Recognized Loss Amount will be zero. A claimant's "Recognized Claim" under the Plan of

Allocation will be the sum of his, her, or its Recognized Loss Amounts.

64.     For each share of split adjusted[2] share of Helios publicly traded common stock

purchased or otherwise acquired from August 15, 2017 through July 26, 2018, and:

(a) Sold with the same, or greater, level of percent inflation (see Table 1 below), the Recognized Loss Amount is zero ($0.00).

(b) Sold prior to the close of trading on October 11, 2017, the Recognized Loss Amount will be zero ($0.00);

(c) Sold from October 12, 2017 through July 27, 2018, the Recognized Loss Amount per share is equal to the lesser of:

   (i)    **the purchase price times the percent inflation at the time of purchase (see Table 1 below) less the sales price times the percent inflation at the time of sale (see Table 1 below); and**

   (ii)   **the difference between the purchase price and the sales price.**

(d) Retained at the end of July 27, 2018, and sold before the close of trading on October 24, 2018, the Recognized Loss Amount per share is equal to the least of:

   (i)    **the purchase price times the percent inflation at the time of purchase (see Table 1 below);**

   (ii)   **the purchase price per share less the sales price per share; and**

   (iii)  **the difference between the purchase price and the average closing price up to the date of sale as set forth in Table 2 below.**

(e) Held as of the close of trading on October 24, 2018, or sold thereafter, the Recognized Loss Amount per share is equal to the least of:

   (i)    **the purchase price times the percent inflation at the time of purchase (see Table 1 below);**

---

[2] On July 24, 2018 at 4:01 p.m. Eastern Time, a 1 share for 250 share reverse stock split went into effect for Helios common stock. The reverse stock split consolidated Helios's outstanding shares on a 250-to-1 basis, effectively reducing the shares outstanding from 421.25 million to 1.685 million shares. All calculations described herein take this reverse stock split into account and contemplate post-reverse split share prices. In the Claim Form, Class Members should report purchase and sale prices and numbers of shares purchased, sold, or held based on the share prices and share amounts that account for the 1 share for 250 share reverse stock split (*i.e.*, all share prices for purchases or sales occurring before the reverse stock split went into effect should be multiplied by 250, and all numbers of shares purchased, sold, or held prior to the time that the reverse stock split went into effect should be divided by 250).

    (ii)    **the purchase price per share less the sales price per share; and**

    (iii)    **the difference between the purchase price and $0.08.**[3]

## ADDITIONAL PROVISIONS

65.    Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶67 below) is ten dollars ($10) or greater.

66.    If a claimant has more than one purchase or sale of Helios publicly traded common stock, purchases and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

67.    The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than ten dollars ($10), it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

68.    Purchases, acquisitions, and sales of Helios publicly traded common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Helios common stock during the Class Period will not be deemed a purchase, acquisition, or sale of Helios common

---

[3] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Helios common stock during the 90-day look-back period. The mean (average) closing price for Helios common stock during this 90-day look-back period was $0.08.

stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of Helios common stock unless: (i) the donor or decedent purchased or otherwise acquired the shares during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

69.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Helios common stock. The date of a "short sale" is deemed to be the date of sale of Helios common stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a claimant has an opening short position in Helios common stock, his, her, or its earliest Class Period purchases or acquisitions of Helios common stock will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

70.     Option contracts are not securities eligible to participate in the Settlement. With respect to shares of Helios common stock purchased or sold through the exercise of an option, the purchase/sale date of the Helios common stock is the exercise date of the option and the purchase/sale price of the Helios common stock is the exercise price of the option.

71.     If a claimant had a market gain with respect to his, her, or its overall transactions in Helios publicly traded common stock during the Class Period, the value of the claimant's Recognized Claim will be zero. If a claimant suffered an overall market loss with respect to his, her, or its overall transactions in Helios common stock during the Class Period but that market loss was less than the claimant's total Recognized Claim calculated above, then the claimant's Recognized Claim will be limited to the amount of the actual market loss. For purposes of determining whether a claimant had a market gain with respect to his, her, or its overall transactions in Helios common stock during the Class Period or suffered a market loss, the Claims

Administrator will determine the difference between (i) the Total Purchase Amount[4] and (ii) the sum of the Total Sales Proceeds[5] and Holding Value.[6] This difference will be deemed a claimant's market gain or loss with respect to his, her, or its overall transactions in Helios common stock during the Class Period.

72.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Class Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Class Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to Legal Aid Society, a non-sectarian, not-for-profit organization.

73.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Class Representatives, Plaintiffs' Counsel, Class Representatives' damages expert, Defendants, Defendants' Counsel, any of the other Released Plaintiff Parties or Released

---

[4] The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for Helios common stock purchased or acquired during the Class Period.

[5] The Claims Administrator will match any sales of Helios common stock during the Class Period first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Helios common stock sold during the Class Period will be the "Total Sales Proceeds".

[6] The Claims Administrator will ascribe a value of $2.00 per share for Helios common stock purchased or acquired during the Class Period and still held as of the close of trading on July 27, 2018 (the "Holding Value").

Defendant Parties, or the Claims Administrator or other agent designated by Class Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Class Representatives, Defendants and their respective counsel, and all other Released Defendant Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

74.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member or claimant.

75.     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

## TABLE 1

### Decline in Inflation by Date of Purchase and Date of Sale

| Date Range | | Inflation as Percent of Purchase Price |
|---|---|---|
| 15 August 2017 | 11 October 2017 | 98.46% |
| 12 October 2017 | 12 December 2017 | 97.57% |
| 13 December 2017 | 12 February 2018 | 96.47% |
| 13 February 2018 | 18 April 2018 | 94.94% |
| 19 April 2018 | 7 May 2018 | 92.52% |
| 8 May 2018 | 19 June 2018 | 89.35% |
| 20 June 2018 | 24 July 2018 | 84.97% |
| 25 July 2018 | 26 July 2018 | 70.49% |
| Purchased on or After 26 July 2018 | | 0.00% |

**TABLE 2**

**Helios And Matheson Analytics, Inc. Closing Price and Average Closing Price**

| Date | Closing Price | Average Closing Price Between 27 July 2018 and Date Shown | Date | Closing Price | Average Closing Price Between 27 July 2018 and Date Shown |
|---|---|---|---|---|---|
| 7/27/2018 | $2.00 | $2.00 | 9/12/2018 | $0.02 | $0.14 |
| 7/30/2018 | $0.80 | $1.40 | 9/13/2018 | $0.02 | $0.14 |
| 7/31/2018 | $0.50 | $1.10 | 9/14/2018 | $0.02 | $0.13 |
| 8/1/2018 | $0.23 | $0.88 | 9/17/2018 | $0.02 | $0.13 |
| 8/2/2018 | $0.10 | $0.72 | 9/18/2018 | $0.01 | $0.13 |
| 8/3/2018 | $0.07 | $0.62 | 9/19/2018 | $0.01 | $0.12 |
| 8/6/2018 | $0.08 | $0.54 | 9/20/2018 | $0.01 | $0.12 |
| 8/7/2018 | $0.07 | $0.48 | 9/21/2018 | $0.01 | $0.12 |
| 8/8/2018 | $0.07 | $0.43 | 9/24/2018 | $0.02 | $0.12 |
| 8/9/2018 | $0.06 | $0.40 | 9/25/2018 | $0.02 | $0.11 |
| 8/10/2018 | $0.05 | $0.37 | 9/26/2018 | $0.02 | $0.11 |
| 8/13/2018 | $0.05 | $0.34 | 9/27/2018 | $0.02 | $0.11 |
| 8/14/2018 | $0.05 | $0.32 | 9/28/2018 | $0.02 | $0.11 |
| 8/15/2018 | $0.05 | $0.30 | 10/1/2018 | $0.01 | $0.11 |
| 8/16/2018 | $0.03 | $0.28 | 10/2/2018 | $0.01 | $0.10 |
| 8/17/2018 | $0.03 | $0.26 | 10/3/2018 | $0.04 | $0.10 |
| 8/20/2018 | $0.03 | $0.25 | 10/4/2018 | $0.02 | $0.10 |
| 8/21/2018 | $0.03 | $0.24 | 10/5/2018 | $0.02 | $0.10 |
| 8/22/2018 | $0.03 | $0.23 | 10/8/2018 | $0.02 | $0.10 |
| 8/23/2018 | $0.02 | $0.22 | 10/9/2018 | $0.02 | $0.10 |
| 8/24/2018 | $0.02 | $0.21 | 10/10/2018 | $0.02 | $0.09 |
| 8/27/2018 | $0.02 | $0.20 | 10/11/2018 | $0.02 | $0.09 |
| 8/28/2018 | $0.02 | $0.19 | 10/12/2018 | $0.02 | $0.09 |
| 8/29/2018 | $0.02 | $0.18 | 10/15/2018 | $0.02 | $0.09 |
| 8/30/2018 | $0.02 | $0.18 | 10/16/2018 | $0.02 | $0.09 |
| 8/31/2018 | $0.02 | $0.17 | 10/17/2018 | $0.02 | $0.09 |
| 9/4/2018 | $0.02 | $0.17 | 10/18/2018 | $0.02 | $0.09 |
| 9/5/2018 | $0.03 | $0.16 | 10/19/2018 | $0.02 | $0.09 |
| 9/6/2018 | $0.02 | $0.16 | 10/22/2018 | $0.02 | $0.08 |
| 9/7/2018 | $0.02 | $0.15 | 10/23/2018 | $0.02 | $0.08 |
| 9/10/2018 | $0.02 | $0.15 | 10/24/2018 | $0.02 | $0.08 |
| 9/11/2018 | $0.02 | $0.14 | | | |

**SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**

76.     If you purchased or otherwise acquired Helios common stock during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THE POSTCARD NOTICE**,

**YOU MUST EITHER**: (a) provide to the Claims Administrator the name and last known address of each such person or entity; or (b) request additional copies of the Postcard Notice and the Claim Form from the Claims Administrator, which will be provided to you free of charge, and **WITHIN SEVEN (7) DAYS** of receipt, mail the Postcard Notice and Claim Form directly to all such persons or entities. If they are available, you must also provide the Claims Administer with the e-mails of the beneficial owners. If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Postcard Notices from the Claims Administrator and keep a record of the names and mailing addresses used. Upon full and timely compliance with these directions, you may seek reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, upon request and submission of appropriate documentation. All communications concerning the foregoing should be addressed to the Claims Administrator: Helios and Matheson Analytics Securities Litigation, c/o JND Legal Administration, P.O. Box 91384, Seattle, WA 98111, www.heliosandmathesonsecuritieslitigation.com.

Dated: _____, 202_                BY ORDER OF THE UNITED STATES
                                                 DISTRICT COURT FOR THE
                                                 SOUTHERN DISTRICT OF NEW YORK

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE HELIOS AND MATHESON ANALYTICS, INC. SECURITIES LITIGATION | Case No. 1:18-cv-06965-JGK <br><br> **CLASS ACTION** |

**PROOF OF CLAIM AND RELEASE**

## I.  GENERAL INSTRUCTIONS

1.     To recover as a member of the Settlement Class based on your claims in the action entitled *In re Helios and Matheson Analytics, Inc. Securities Litigation,* Case No. 1:18-cv-06965-JGK (S.D.N.Y.) (the "Action"), you must complete and, on page 9 below, sign this Proof of Claim and Release form ("Claim Form"). If you fail to submit a timely and properly addressed (as explained in paragraph 3 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.     Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action.

3.     **THIS  CLAIM  FORM  MUST  BE  SUBMITTED  ONLINE  AT www.heliosandmathesonsecuritieslitigation.com NO LATER THAN JUNE 7, 2021 OR, IF MAILED,  BE  POSTMARKED  NO  LATER  THAN  JUNE  7,  2021,  ADDRESSED  AS FOLLOWS**:

Helios and Matheson Analytics Securities Litigation
c/o JND Legal Administration
P.O. Box 91384
Seattle, WA 98111
info@heliosandmathesonsecuritieslitigation.com
833-707-1451

4.      If you are a member of the Settlement Class and you do not timely request exclusion in response to the Notice dated January 7, 2021, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

## II.      CLAIMANT IDENTIFICATION

1.      If you purchased or otherwise acquired publicly traded common stock of Helios and Matheson Analytics, Inc. ("Helios"), during the period between August 15, 2017 and July 26, 2018, inclusive, (the "Class Period") and held the common stock in your name, you are the beneficial owner as well as the record owner. If, however, you purchased or otherwise acquired Helios common stock during the Class Period through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

2.      Use **Part A** of this form entitled "Claimant Information" to identify each beneficial owner of Helios common stock that form the basis of this claim, as well as the owner of record if different. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

3.      All joint owners must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.      IDENTIFICATION OF TRANSACTIONS

1.      Use **Part B** of this form entitled "Schedule of Transactions in Helios Common Stock" to supply all required details of your transaction(s) in Helios common stock. If you need

more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.      On the schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Helios common stock, whether the transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3.      On July 24, 2018 at 4:01 p.m. Eastern Time, a 1 share for 250 share reverse stock split went into effect for Helios common stock. The reverse stock split consolidated Helios's outstanding shares on a 250-to-1 basis. In this Claim Form, Class Members should report purchase and sale prices and numbers of shares purchased, sold, or held based on the share prices and share amounts that account for the 1 share for 250 share reverse stock split. Thus, all share prices for purchases or sales occurring before July 24, 2018 at 4:01 p.m. Eastern Time (when the reverse stock split went into effect) should be multiplied by 250, and all numbers of shares purchased, sold, or held prior to the time that the reverse stock split went into effect should be divided by 250.

4.      The date of covering a "short sale" is deemed to be the date of purchase of Helios common stock. The date of a "short sale" is deemed to be the date of sale of Helios common stock.

5.      Copies of broker confirmations or other documentation of your transactions must be submitted with your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN HELIOS COMMON STOCK.**

6.      NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All claimants MUST submit a Claim Form whether or not they also

submit information regarding their transactions and/or holdings in Helios common stock in electronic files. If you wish to file your transactions in electronic files, contact the Claims Administrator at HLMSecurities@jndla.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## **PART A – CLAIMANT INFORMATION**

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name                                    MI        Beneficial Owner's Last Name

Co-Beneficial Owner's First Name                                 MI        Co-Beneficial   Owner's   Last
Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

City                                                   State ZIP/Postal Code

Foreign Country (only if not USA)  Foreign County (only if not USA)

Last Four (4) Digits of Social Security Number  OR   Last Seven (7) Digits of Taxpayer Identification Number

Telephone Number (home)              Telephone Number (work)

Email address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):
☐    Individual (includes joint owner accounts)      ☐ Pension Plan        ☐ Trust
☐    Corporation                                      ☐ Estate
☐    IRA/401K                                         ☐ Other _____ (please specify)

**PART B: TRANSACTIONS IN HELIOS COMMON STOCK**

Complete this Part B if, and only if, you purchased/acquired Helios common stock during the period between August 15, 2017 and July 26, 2018, inclusive. Please include proper documentation with your Claim Form as described in detail in Section III – Identification of Transactions, above. Do not include information in this section regarding securities other than Helios common stock.

<table>
<tr><td colspan="4"><b>IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX</b> ☐</td></tr>
</table>

**1. BEGINNING HOLDINGS** – State the total number of shares of common stock held as of the close of trading on August 14, 2017. If none, write "0" or "Zero." (Must be documented.)

_____

**2. PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list each and every purchase/acquisition of common stock from after the opening of trading on August 15, 2017 through the close of trading on July 26, 2018. (Must be documented.)

| Date of Purchase (List Chronologically) (MM/DD/YY) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**3. PURCHASES/ACQUISITIONS DURING 90-DAY LOOKBACK PERIOD** – State the total number of shares of common stock purchased/acquired between July 27, 2018 and October 24, 2018, inclusive. If none, write "zero" or "0."[1] (Must be documented.)

_____

**4. SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each and every sale/disposition of common stock from after the opening of trading on August 15, 2017 through and including the close of trading on October 24, 2018. (Must be documented.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

---

[1] **Please Note**: Information requested with respect to your purchases/acquisitions of Helios common stock from after the opening of trading on July 27, 2018, through and including the close of trading on October 24, 2018, is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation.

**5. ENDING HOLDINGS** – State the total number of shares of common stock held as of the close of trading on October 24, 2018. If none, write "0" or "Zero." (Must be documented.)

_____

## IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

By signing and submitting this Claim Form, the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Stipulation described in the accompanying Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York (the "Court") with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I (we) will be bound by the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in eligible Helios common stock, if required to do so. I (We) have not submitted any other claim covering the same transactions in Helios common stock during the Class Period and know of no other person having done so on my (our) behalf.

## V.    RELEASES, WARRANTIES, AND CERTIFICATION

1.    I (We) hereby warrant and represent that I am (we are) a Class Member as defined in the Notice, that I am (we are) not excluded from the Settlement Class, that I am (we are) not one of the "Released Defendant Parties" as defined in the accompanying Notice.

2.    As a Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge with prejudice the Released Claims as to each and all of the Released Defendant Parties (as these terms are defined in the accompanying Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

3.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions and sales of Helios common stock that occurred during the Class Period and the number of shares of common stock held by me (us), to the extent requested.

5.      I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this _____ day of _____, in _____, _____
                                    (Month / Year)                    (City)            (State/Country)

_____            _____
Signature of Claimant                       Signature of Joint Claimant, if any

_____            _____
Print Name of Claimant                      Print Name of Joint Claimant, if any

_____

(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.

**REMINDER CHECKLIST:**

1. Please sign this Claim Form.

2. DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3. Attach only copies of supporting documentation as these documents will not be returned to you.

4. Keep a copy of your Proof of Claim for your records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. **Your claim is not deemed submitted until you receive an acknowledgment postcard.** If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at 833-707-1451.

6. If you move after submitting this Claim Form please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

You have been identified as possibly a class member in a securities fraud class action against Helios and Matheson Analytics, Inc. ("Helios") and its officers. You may be eligible to receive a payment from a $8,250,000 million class action settlement fund in *In re Helios and Matheson Analytics, Inc. Securities Litigation,* Case No. 1:18-cv-06965-JGK (S.D.N.Y.). The case involves alleged material misrepresentations and omissions made to investors of Helios's common stock in violation of the federal securities laws concerning Helios's acquisition of MoviePass, Inc. ("MoviePass") and subsequent events concerning Helios's business, operations, and prospects related to MoviePass. Additional information is contained in the detailed Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice"). To participate in the settlement you must submit a Proof of Claim and Release form (the "Claim Form") no later than June 7, 2021. The Claim Form and the Notice are available by visiting www.heliosandmathesonsecuritieslitigation.com or calling or writing the Claims Administrator noted below.

**Class Definition**: You are a Class Member if you purchased or otherwise acquired Helios common stock between August 15, 2017 and July 26, 2018, and suffered damages as described in the Notice.

**Settlement Amount:** $8,250,000. Plaintiffs estimate this represents an average recovery of $4.08 per damaged share of Helios common stock, before attorneys' fees and expenses, based on the estimated number of allegedly damaged shares of Helios common stock held through an alleged corrective disclosure that was statistically significant.

**Reasons for Settlement:** The Parties wish to avoid the costs and risks of continued litigation.

**Disagreement on Amount of Damages:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff prevailed. The primary issues on which the Parties disagree include: (1) whether the Individual Defendants are liable under the securities laws; and (2) the method for determining whether and to what extent the shareholders were damaged.

**Attorneys' Fees and Expenses:** Attorneys for the Class will ask the Court for attorneys' fees of no more than one-quarter (25%) of the Settlement Fund, plus reimbursement of out-of-pocket costs not to exceed $166,500, plus accrued interest, which may include an application for an incentive payment to Lead Plaintiff, which payment includes but is not limited to reimbursement of Lead Plaintiff's reasonable costs and expenses (including lost wages) of the named plaintiffs directly related to their representation of the Class. If the Court approves the Fee and Expense Application, including deduction of estimated attorneys' fees and expenses, Taxes, and Notice and Administration Expenses, Plaintiffs estimate the average recovery would be approximately $2.87 per allegedly damaged share. Attorneys' fees and costs will be paid out of the Settlement Fund as expenses for litigating the case.

**Your Options:** You can file a claim, object to the Settlement (with or without appearing at the Settlement Hearing and with or without hiring your own attorney), exclude yourself from the class, or do nothing. NOTE THAT CLAIMS CALCULATING TO AN AWARD AMOUNT LESS THAN $10 WILL **NOT** BE PAID. Unless you exclude yourself from the Class, you will be bound by the Settlement and you will release any claims you may have against the Released Parties. More information is contained in the Notice and the Claim Form.

**Deadlines:** Claims must be filed by: June 7, 2021; Settlement objections must be received by April 15, 2021; requests for exclusion from the Class must be received by April 15, 2021, and the Court's Settlement Hearing on final approval of the Settlement is scheduled for May 6, 2021.

**Lead Plaintiff's Counsel's Representative**: The Claims Administrator, JND Legal Administration, is available to answer questions concerning the settlement or any matter contained in the Notice. You may contact the Claims Administrator by calling 833-707-1451, emailing info@heliosandmathesonsecuritieslitigation.com, or writing to Helios and Matheson Analytics Securities Litigation, c/o JND Legal Administration, P.O. Box 91384, Seattle, WA 98111.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE HELIOS AND MATHESON ANALYTICS, INC. SECURITIES LITIGATION | Case No. 1:18-cv-06965-JGK<br><br>**CLASS ACTION** |

## SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

**To:** **All persons and entities who purchased or otherwise acquired publicly traded common stock of Helios and Matheson Analytics, Inc. during the period between August 15, 2017 and July 26, 2018, inclusive, and were damaged thereby (the "Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Federal Rule of Civil Procedure 23 and an Order of the United States District Court for the District of Southern District of New York, that the Court-appointed Class Representatives, on behalf of themselves and all members of the Class, and Theodore Farnsworth ("Farnsworth"), Stuart Benson ("Benson"), and Mitch Lowe ("Lowe" and collectively with Farnsworth, and Benson, the "Individual Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $8,250,000 (the "Settlement"). Plaintiffs estimate this represents an average recovery of $4.08 per damaged share of Helios common stock, before attorneys' fees and expenses, based on the estimated number of allegedly damaged shares of Helios common stock held through an alleged corrective disclosure that was statistically significant.

A hearing will be held before the Honorable John G. Koeltl, on May 6, 2021 at 10:00 a.m., in Courtroom 14A of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007 (the "Settlement Hearing") to, among other things, determine whether the Court should: (i) approve the

proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated December 11, 2020; (iii) approve the proposed Plan of Allocation for distribution of the settlement funds available for distribution to Class Members (the "Net Settlement Fund"); (iv) approve Lead Counsel's Fee and Expense Application; and (v) approve the Class Representatives' incentive awards. The Court may change the date of the Settlement Hearing, or hold it telephonically or via videoconference, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** A full Notice and Claim Form can be obtained by visiting the website of the Claims Administrator, www.heliosandmathesonsecuritieslitigation.com, or by contacting the Claims Administrator at:

Helios and Matheson Analytics Securities Litigation
c/o JND Legal Administration
P.O. Box 91384
Seattle, WA 98111
info@heliosandmathesonsecuritieslitigation.com
833-707-1451

**Settlement Website: www.heliosandmathesonsecuritieslitigation.com**

Inquiries, other than requests for the Notice/Claim Form or for information about the status of a claim, may also be made to Lead Counsel:

**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins
1111 Summer Street, Suite 403
Stamford, CT 06905
www.zlk.com
203-992-4523

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than June 7, 2021.* If you are a Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Class Member and wish to exclude yourself from the Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice such that it is *received no later than April 15, 2021.* If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are *received no later than April 15, 2021*.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR
DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: _____, 202\_\_\_    BY ORDER OF THE COURT
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF NEW YORK