## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE HELIOS AND MATHESON ANALYTICS, INC. SECURITIES LITIGATION | Case No. 1:18-cv-06965-JGK<br><br>**CLASS ACTION** |

### FINAL ORDER AND JUDGMENT

**THIS CAUSE** came before the Court on the Motion for Final Approval of Class Action Settlement. The Court having carefully reviewed the file, and being otherwise fully advised, ORDERS as follows:

WHEREAS:

A.      On December 11, 2020, Court-appointed Lead Plaintiff and Class Representatives George Hurst, Marcus Washington, Daniel Mercer, Juan Taveras, and Amit Katiyar (collectively, "Lead Plaintiff" or "Class Representatives"), on behalf of all other members of the Class, on the one hand, and Theodore Farnsworth ("Farnsworth"), Stuart Benson ("Benson"), and Mitch Lowe ("Lowe," collectively the "Individual Defendants" and together with Lead Plaintiff, the "Parties"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Federal Rule of Civil Procedure 23 and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Third Amended Class Action Complaint (the "Complaint"), filed on August 16, 2019, on the merits and with prejudice (the "Settlement");

B.      Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered December 23, 2020 (the "Preliminary Approval Order"), the Court scheduled

a hearing for May 6, 2021, at 10:00 a.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Lead Counsel's Fee and Expense Application and the Class Representatives' incentive awards;

C.     The Court ordered that the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits A-1 and A-2, respectively, be posted on the Claims Administrator's website no later than fifteen (15) calendar days after the entry of the Preliminary Approval Order; that the Postcard Notice, substantially in the form attached to the Preliminary Approval Order as Exhibit A-3, be mailed by first-class mail, postage prepaid, on or before thirty (30) calendar days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Class Members and/or third-party nominees who could be identified through reasonable effort; and that the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Publication Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit A-4, be published in *Investor's Business Daily* and transmitted over *PR Newswire*, or a similar widely-circulated national wire service, within twenty (20) calendar days after the entry of the Preliminary Approval Order;

D.     The Notice, Postcard Notice, and Publication Notice advised potential Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further

advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by April 15, 2021;

E. The provisions of the Preliminary Approval Order as to notice were complied with;

F. On or before April 1, 2021, Lead Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly adjourned and held before this Court on May 13, 2021, at which time all interested Persons were afforded the opportunity to be heard; and

G. This Court has duly considered Lead Plaintiff's motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, **IT IS ORDERED, ADJUDGED AND DECREED** that:

1. This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on December 11, 2020; and (ii) the Notice, which was filed with the Court therewith. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Class Members.

3. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Class of: all persons and entities that purchased or otherwise acquired publicly traded common shares of Helios, during the period from August 15, 2017 and July 26, 2018, inclusive, and who were

damaged thereby. Excluded from the Class are: (i) Defendants; (ii) their immediate family members; (iii) any person who was an officer or director of Helios and/or MoviePass during the Class Period; (iii) any firm, trust, corporation, or other entity in which a Defendant has or had a controlling interest; and (iv) the legal representatives, affiliates, heirs, successors in-interest, or assigns of any such excluded person or entity. Additionally, the four requests for exclusion that were submitted to the Court from Persons who are listed on the annexed Exhibit A are hereby granted.

4. Pursuant to Federal Rule of Civil Procedure 23, and for the purposes of Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies the members of the Helios and Matheson Investor Group as Class Representatives for the Class; and finally appoints the law firm of Levi & Korsinsky, LLP as Class Counsel for the Class.

5. The Court finds that the mailing and publication of the Notice, Postcard Notice, Publication Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Lead Counsel's request for an award of attorneys' fees and payment of litigation expenses incurred in connection with the prosecution of the Action, of the Class Representatives' request for an incentive award, of Class Members' right to object or seek exclusion from the Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Federal Rule of Civil Procedure 23, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the

Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6. Three objections to Lead Plaintiff's motion for final approval of the Settlement were submitted to the Court and are attached in the annexed Exhibit B. Those objections are overruled.

7. Pursuant to Federal Rule of Civil Procedure 23(e)(2), this Court hereby approves the Settlement and finds that in light of the benefits to the Class, the complexity and expense of further litigation, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (1) the Lead Plaintiff and Lead Plaintiff's counsel have adequately represented the Class; (2) the proposal was negotiated at arm's length; (3) the relief provided for the Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Class; (iii) the terms of the proposed award of attorneys' fees; and (iv) agreements identified pursuant to Federal Rule of Civil Procedure 23(e)(3); and (4) the proposal treats Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

8. The Complaint, filed on August 16, 2019, is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9. The Court finds that during the course of the Action, Lead Plaintiff and the Individual Defendants and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10.    Upon the Effective Date, Lead Plaintiff, and each and every other Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties.

11.    Upon the Effective Date, the Individual Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

12.    Each Class Member, whether or not such Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

13.    This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Individual Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Individual Defendants or the Released Defendant Parties with respect to the truth of any allegation by Lead Plaintiff and the Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of any of the Individual Defendants or any person or entity whatsoever;

(b)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Individual Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Individual Defendants or the Released Defendant Parties, or against or to the prejudice of any of the Lead Plaintiff group members or the Released Plaintiff Parties, or any other member of the Class as evidence of any infirmity in the claims of Plaintiffs, or the other members of the Class;

(c)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants, any of the Lead Plaintiff group members, any other member of the Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Individual Defendants, Released Defendant Parties, and of the Lead Plaintiff or the Released Plaintiff Parties, other members of the Class, or their respective counsel, in any other civil, criminal, or administrative

action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d)     do not constitute, and shall not be construed against any of the Individual Defendants, Released Defendant Parties, Lead Plaintiff or Released Plaintiff Parties, or any other member of the Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)     do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff, or any other member of the Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

14.     Notwithstanding the foregoing, any of the Parties may file or refer to this Judgment, the Stipulation, and/or any Proof of Claim: (i) to effectuate the liability protections granted hereunder, including without limitation to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or similar defense or counterclaim; (ii) to enforce any applicable insurance policies and any agreements related thereto; or (iii) to enforce the terms of the Stipulation and/or this Judgment.

15.     The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

16.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders

entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. The Parties are hereby directed to consummate the Stipulation and to perform its terms.

19. A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

20. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

DATED this __13__ day of May, 2021

BY THE COURT:

Honorable John G. Koeltl
UNITED STATES DISTRICT JUDGE

# Exhibit A

# Jenn Ventriglia

| | |
|---|---|
| **From:** | Dan Wright <daniel.m.wright1@gmail.com> |
| **Sent:** | Monday, March 8, 2021 12:19 PM |
| **To:** | CA - HLMSecurities; Dan Wright |
| **Subject:** | Request to be excluded from class |

**Security Notice:** This email originated outside of JND. Use caution when clicking links or opening attachments.

Exclude me from Case No. 1:18-cv-06965-JGK. Information attached:



MAR 0 8 2021



Received
MAR 0 8 2021
by JNDLA

# NOTICE

Dear Sir/Madam,

I, as a living beneficiary of the trust BORIS V. MEDNIKOV, am excluding this trust from the securities fraud class action against Helios and Matheson Analytics, Inc. ("Helios") and its officers.

Thank you.

Live man,
Living beneficiary
of the trust BORIS V. MEDNIKOV

02/27/2021

MID-ISLAND NY 117
3 MAR 2021 · PM 1 L

FROM:
Live scan, forasgtemary of the trust
BORIS V. MEDWICOV
8767 24TH AVENUE 1ST FLOOR,
BROOKLYN, NY 11214-6088

MAR 0 8 2021

RR
+ 1Q ⊗ Y38

Hm
20
"

TO:
HELIOS AND MATHESON ANALYTICS
SECURITIES LITIGATION
c/o JND LEGAL ADMINISTRATION
P.O. BOX 91384
SEATTLE, WA 98111
98111-005084

| From: | daniel bozarth <dnlbozarth@gmail.com> |
| --- | --- |
| Sent: | Saturday, April 3, 2021 8:31 PM |
| To: | CA - info@heliosandmathesonsecuritieslitigation.com |
| Subject: | Exclusion from the Helios and Matheson Litigation |

Hello,

I would like to be excluded from the litigation claims regarding Helios and Matheson. Thank you

With Regards, Daniel Bozarth

## Jenn Ventriglia

| | |
|---|---|
| **From:** | stroescu.mircea@rocketmail.com |
| **Sent:** | Monday, March 29, 2021 8:07 AM |
| **To:** | CA - info@heliosandmathesonsecuritieslitigation.com |
| **Subject:** | exlusion from class |

Hello, my name is Stroescu Mircea and i would like to be excluded from the Class. Thank you!

Exhibit B

From: Thomas Makin
To: Shannon Hopkins
Subject: [External]Helios and Matheson proposed class settlement.
Date: Tuesday, March 2, 2021 1:07:38 PM

To Shannon L. Hopkins: JND Legal Administration of Seattle has posted information on the internet which advises a proposed stipulation of settlement for members of the Class of Plaintiffs vs. Helios and Matheson, advising a $4.08 award per share for Plaintiffs. I must enter my objection to this; and inform you that I want only to collect the loss in full involving my July 24, 2018 initial investments, due to incurring loss involving the criminal act of Helios and Matheson disclosure of the new CUSIP trading number before notification to my broker Charles Schwab Inc. On July 25, 2018, shares at Charles Schwab were frozen due to lack of recieving information regarding the new CUSIP trading number of the post split shares. Shares began trading on a post split basis on July 26, 2018 at Charles Schwab when the new CUSIP trading number was established. My personal loss of shares purchased on July 24, 2018 are the result of unfair, criminal disclosure of inside information held by Helios and Matheson. I therefore object to the proposed settlement which disregards this criminal activity. Please reply; Respectfully, Thomas W. Makin, Bellevue, Washington. I am a member of the class of plaintiffs vs. Helios and Matheson, Theadore Farnsworth, and others. email twmakinoffice@gmail.com

From:        Thomas Makin
To:          Shannon Hopkins
Subject:     [External]Helios and Matheson litigation
Date:        Tuesday, March 2, 2021 2:19:42 PM

To Shannon Hopkins:  In addition to my first email sent today;  I must advise you that some organization was wrongfully trading Helios and Matheson shares at a 50% discount of value on July 25, 2018 and victimized other traders including Charles Schwab traders.  Due to the criminal act of wrongful disclosure of the new CUSIP number which is a criminal passing of inside information to a news outlet; the trading value was split off from the call options string so badly that ultimately, the stock crashed.  I believe that as a matter of securities law, that I deserve to be paid 100% of my loss incurred for my share purchase on July 24, 2018 and that I deserve a punitive damage award as the law should apply to.  Therefore, I must continue to object to the proposed class settlement, as this settlement disregards legal securities laws protections for investor safety.  Be advised that I observed this wrongful trading on July 25, 2018 on my Charles Schwab research account.  Respectfully, Thomas W. Makin, member of the Class of Plaintiffs against Helios and Matheson, Ted Farnsworth, and others.  email  twmakinoffice@gmail.com

**From:** Casey PURINGTON
**To:** CA - info@heliosandmathesonsecuritieslitigation.com
**Subject:** HMNY_Class Action
**Date:** Wednesday, March 10, 2021 8:18:31 PM
**Attachments:** HMNY_Order1.png
HMNY_Order2.png
HMNY_Order3.png
HMNY_Order4.png

Hi Shannon,

I left a message for you on the number I had listed (203)902-1134, but since it was the end of day for you in CT I figured an email would be a great start. I have some questions about the class action lawsuit for case # 1:18-cv-06965JGK. The reason I'm reaching out to you is to discuss the issue of the share price for people like myself that have been buying and holding since mid-2019. I believe I should have been/be a part of the $4.08/$2.80 after legal cost per share, but instead it was made aware to me that the people that sold their stock positions while the price was tanking still get in on the $4.08/$2.80 per share while holding no shares in their portfolio (assuming what I was told is true)... I'm sorry these investors lost money, but also nice they will see a small return if that's the case. Why this is important is because I now hold their share positions, and now I have them with no understanding for the date cut off **Class Period of August 15, 2017 and July 26, 2018, inclusive,** outside of the legal findings for HMNY lying on SEC filings and to news outlets during that time window you stated in the 238-page brief that you file in July 16th 2019. I would like to address this matter with you directly, as I was also advised to do so by the TDA broker. I have been following this investment closely for 2 years and have read up a little on Pacer with some knowledge, and I'm looking to get some clarification from your office prior to the April 15th and May 6th deadlines. Oh, and lastly, I did submit the "file claim" form on the link below. confirmation# PN4SH-L6QEK https://secure.heliosandmathesonsecuritieslitigation.com/ I look forward to your response and addressing this with you to find a resolution to selling 133,785 shares of ticker symbol (HMNY) at average price of $2.80ps.

Casey
480-580-5915

PS.
I'm also attaching the images I sent to that link for proof of shares purchased.

| | | | |
|---|---|---|---|
| 07/08/2019 15:54:34 | Bought 22500 HMNY @ 0.0024 | -60.95 | |
| 08/14/2019 15:39:58 | Sold 350000 AHIX @ 0.0003 | 99.05 | |
| 08/16/2019 11:57:35 | Sold 1000000 APYP @ 0.0001 | 100.00 | |
| 08/19/2019 15:57:19 | Bought 58500 HMNY @ 0.0017 | -99.45 | |
| 00/00/0000 45 5 40 | C-LL40000 DLILIC @ 0.0004 | 40.05 | |

HMNY

Transaction ID: 22765455759
Order Number: 627838053
Session: Regular Market Hours
Date Entered: 07/08/2019
Time Entered: 15:50:46

| | | |
|---|---|---|
| 08/19/2019 15:57:19 | Bought 58500 HMNY @ 0.0017 | -99.45 |
| 08/20/2019 12:54:48 | Sold 10000 BLIAQ @ 0.002 | 18.81 |
| 08/20/2019 12:54:48 | Sold 10000 BLIAQ @ 0.002 | -18.81 |
| 08/22/2019 15:56:55 | Bought 27750 HMNY @ 0.0018 | -49.95 |
| 08/28/2019 11:37:51 | Bought 26025 HMNY @ 0.002 | -52.05 |

**HMNY**

Transaction ID: 23094884579
Order Number: 663504854
Session: Regular Market Hours
Date Entered: 08/19/2019
Time Entered: 15:29:27

| | | |
|---|---|---|
| 08/22/2019 15:56:55 | Bought 27750 HMNY @ 0.0018 | -49.95 |
| 08/30/2019 11:33:51 | Bought 25035 HMNY @ 0.002 | -50.07 |

**HMNY**

| | |
|---|---|
| Transaction ID: | 23118259752 |
| Order Number: | 666713612 |
| Session: | Regular Market Hours |
| Date Entered: | 08/22/2019 |
| Time Entered: | 15:12:28 |

An indication on this page that an interest payment is "taxable" or "non-taxable" refers to federal taxation only. Interest income may be subject to AM or state and local taxes. No commissions are collected from accounts

08/30/2019 11:33:51          Bought 25035 HMNY @ 0.002          -50.07

HMNY

Transaction ID:   23169994261
Order Number:   672257986
Session:   Regular Market Hours
Date Entered:   08/30/2019

An indication on this page that an interest payment is "taxable" or "non-taxable" refers to federal taxation only. Interest income may be subject to st

| From: | Tim Thomas |
| --- | --- |
| To: | Raman Khanna |
| Cc: | CA - info@heliosandmathesonsecuritieslitigation.com |
| Subject: | Helios Matheson Class action |
| Date: | Saturday, April 17, 2021 8:57:04 PM |
| Attachments: | Helios Mathison Loss 2.png |

Good afternoon Raman

I need some help form Congresswomen Jayapal

I have attached a notice of a class action suit settlement I received in the mail around April 1st. They would like me to participate in the settlement for a company I bought shares in called Helios Matheson. You will notice the date for settlement objections has passed. I had a whole two weeks in my busy life to object.

The company sold shares and drove the price up with lies and misleading statements. The insiders sold their shares knowing the information was false making many tens if not hundreds of millions. Once the truth was revealed the price plummets and the share holders, like myself lost everything. In my case $38,570.55.( see attached) Once it was revealed the company lied and mislead the shareholders a class action was filed. As you can see I was sent a POSTCARD size notice saying that there is a settlement on the table. In this case about $8,250,000.
In ordered to participate in the settlement first off you have to be able to read the POSTCARD size notice. Then you go to a website where you have to read documents, print them out, document every transaction to prove my loss and then send them off. As in my case it is only $38k + so no attorney will take it on privately leaving me no choice but to try and find the time and patience to file the paper work so I can maybe get back $.20 on the dollar. The lawyers will make a cool few million, the insiders that sold made tens of millions and I am offered pennies. Needless to say this is all designed to discourage and make it almost impossible to get what was stolen. No one goes to prison and they laugh all the way to the bank.

In this particular case, Ted Farnsworth, the CEO and chairman of Helios Mathieson at the time ,has done this a few times with other scams. And from his multimillion dollar mansion in Fl he is now on his merry way buying a new company and producing movies with the money he stole. I am sick of this.

I would like to the congresswomen to step in and help me recoup every last cent they stole. If they do not not reimburse me the 38,570.55 I think they should be hauled in front of congress and grilled on why this has happened AGAIN. The SEC should take a long hard look at how they get away with this and Ted Farnsworth and Mitch Lowe should be thoroughly investigated and sent to club Fed for a few years.

## COURT ORDERED LEGAL NOTICE

**In re Helios and Matheson Analytics, Inc. Securities Litigation**

**1:18-cv-06965-JGK (S.D.N.Y.)**

You have been identified as possibly a class member in a securities fraud class action against Helios and Matheson Analytics, Inc. ("Helios") and its officers. You may be eligible to receive a payment from a $8,250,000 million class action settlement fund in *In re Helios and Matheson Analytics, Inc. Securities Litigation*, Case No. 1:18-cv-06965-JGK (S.D.N.Y.). The case involves alleged material misrepresentations and omissions made to investors of Helios's common stock in violation of the federal securities laws concerning Helios's acquisition of MoviePass, Inc. ("MoviePass") and subsequent events concerning Helios's business, operations, and prospects related to MoviePass. Additional information is contained in the detailed Notice of Pendency of Class Action, Proposed Class Action Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice").

HELIOS AND MATHESON ANALYTICS
SECURITIES LITIGATION
C/O JND LEGAL ADMINISTRATION
P.O. BOX 91384
SEATTLE, WA 98111

00048118

PRESORTED FIRST CLASS
U.S. POSTAGE PAID
FARMINGDALE, NY
PERMIT NO. 225

JOB# N54987-010

13#

08

*******AUTO**ALL FOR AADC 980
TIM R THOMAS
306
1140 N 192ND ST
SHORELINE WA 98133-2945

08

To participate in the settlement you must submit a Proof of Claim and Release form (the "Claim Form") no later than June 7, 2021. The Claim Form and the Notice are available by visiting www.heliosandmathesonsecuritieslitigation.com or calling or writing the Claims Administrator noted below.

**Class Definition:** You are a Class Member if you purchased or otherwise acquired Helios common stock between August 15, 2017 and July 26, 2018, and suffered damages as described in the Notice.

**Settlement Amount:** $8,250,000. Plaintiffs estimate this represents an average recovery of $4.08 per damaged share of Helios common stock, before attorneys' fees and expenses, based on the estimated number of allegedly damaged shares of Helios common stock held through an alleged corrective disclosure that was statistically significant.

**Reasons for Settlement:** The Parties wish to avoid the costs and risks of continued litigation.

**Disagreement on Amount of Damages:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff prevailed. The primary issues on which the Parties disagree include: (1) whether the Individual Defendants are liable under the securities laws; and (2) the method for determining whether and to what extent the shareholders were damaged.

**Attorneys' Fees and Expenses:** Attorneys for the Class will ask the Court for attorneys' fees of no more than one-quarter (25%) of the Settlement Fund, plus reimbursement of out-of-pocket costs not to exceed $166,500, plus accrued interest, which may include an application for an incentive payment to Lead Plaintiff, which payment includes but is not limited to reimbursement of Lead Plaintiff's reasonable costs and expenses (including lost wages) of the named plaintiffs directly related to their representation of the Class. If the Court approves the Fee and Expense Application, including deduction of estimated attorneys' fees and expenses, Taxes, and Notice and Administration Expenses, Plaintiffs estimate the average recovery would be approximately $2.87 per allegedly damaged share. Attorneys' fees and costs will be paid out of the Settlement Fund as expenses for litigating the case.

**Your Options:** You can file a claim, object to the Settlement (with or without appearing at the Settlement Hearing and with or without hiring your own attorney), exclude yourself from the class, or do nothing. NOTE THAT CLAIMS CALCULATING TO AN AWARD AMOUNT LESS THAN $10 WILL NOT BE PAID. Unless you exclude yourself from the Class, you will be bound by the Settlement and you will release any claims you may have against the Released Parties. More information is contained in the Notice and the Claim Form.

**Deadlines:** Claims must be filed by: June 7, 2021. Settlement objections must be received by April 15, 2021; requests for exclusion from the Class must be received by April 15, 2021, and the Court's Settlement Hearing on final approval of the Settlement is scheduled for May 6, 2021.

**Lead Plaintiff's Counsel's Representative:** The Claims Administrator, JND Legal Administration, is available to answer questions concerning the settlement or any matter contained in the Notice. You may contact the Claims Administrator by calling 833-707-1451, emailing info@heliosandmathesonsecuritieslitigation.com, or writing to Helios and Matheson Analytics Securities Litigation, c/o JND Legal Administration, P.O. Box 91384, Seattle, WA 98111.



**WELLS FARGO ADVISORS**

TIM R THOMAS

Page 5 of 6

JULY 1, 2018 - JULY 31, 2018
ACCOUNT NUMBER: 2652-7887

## Stocks, options & ETFs

### Stocks and ETFs

| DESCRIPTION | QUANTITY | ADJ PRICE/ ORIG PRICE | ADJ COST/ ORIG COST | CURRENT PRICE | CURRENT MARKET VALUE | UNREALIZED GAIN/LOSS | ESTIMATED ANNUAL INCOME | ESTIMATED ANNUAL YIELD (%) |
|---|---|---|---|---|---|---|---|---|
| HELIOS & MATHESON ** ANALYTICS INC PAR $0.01 MNMY | 143 | 270.22** | 38,641.47 | 0.4969 | 70.92 | -38,570.55 | N/A | N/A |
| **Total Stocks and ETFs** | | | **$38,641.47**  $38,638.57 | | **$70.92** | **-$38,570.55** | | |
| **Total Stocks, options & ETFs** | | | **$38,641.47** | | **$70.92** | **-$38,570.55** | | |

** Because you have more than one lot, we are showing the average cost per share.
WA A portion of this security is held in Margin, rather than Cash

## Activity detail

| DATE | ACCOUNT TYPE | TRANSACTION | QUANTITY | DESCRIPTION | PRICE | AMOUNT | CASH AND SWEEP BALANCES |
|---|---|---|---|---|---|---|---|
| 07/01 | | | | BEGINNING BALANCE | | | 148.02 |
| 07/25 | Cash | REV SPLIT | 134.00000 | HELIOS & MATHESON ANALYTICS INC PAR $0.01 POST FR HELIOS & MATHESO @ .004 | | | |
| 07/25 | Cash | REV SPLIT | -33,522.00000 | HELIOS & MATHESON  CH3 ANALYTICS INC | | | |
| 07/25 | Margin | REV SPLIT | 9.00000 | HELIOS & MATHESON ANALYTICS INC PAR $0.01 POST FR HELIOS & MATHESO @ .004 | | | |
| 07/25 | Margin | REV SPLIT | -2,458.00000 | HELIOS & MATHESON  CH3 ANALYTICS INC | | | 148.02 |
| 07/31 | Cash | INTEREST | | STANDARD BANK DEPOSIT 073118    116 | | 0.04 | 148.06 |

Warm Regards
Tim Thomas
206 420 9914