UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE HELIOS AND MATHESON ANALYTICS, INC. SECURITIES LITIGATION | Case No. 1:18-06965-JGK<br><br>**CLASS ACTION** |

[~~PROPOSED~~] ORDER AUTHORIZING DISTRIBUTION OF THE NET SETTLEMENT FUND

WHEREAS, in the above-captioned action (the "Action"), the Claims Administrator has completed the administration of the Settlement Fund, including the processing of all submitted Claim Forms, and is now prepared, with the approval of the Court, to distribute the net proceeds of the Settlement;

WHEREAS, on May 13, 2021, the Court granted Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation and Final Certification of Settlement Class and entered orders approving the Plan of Allocation and Awarding Attorneys' Fees and Reimbursement of Litigation Expenses to Lead Plaintiff (ECF Nos. 141-142) and retained jurisdiction over the Action, including the administration and distribution of the Net Settlement Fund;

WHEREAS, on May 14, 2021, the Court entered a Final Order and Judgment, thereby approving the Settlement as fair, reasonable, and adequate (ECF No. 143);

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order Approving Distribution of Class Settlement Fund incorporates by reference the definitions in the Stipulation and Agreement of Settlement (the "Stipulation"). ECF No. 126-1. All terms not otherwise defined shall have the same meanings as set forth in the

Stipulation or the Declaration of Luiggy Segura in Support of Lead Plaintiff's Motion for Authorization to Distribute the Net Settlement Fund ("Segura Declaration").

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. Lead Plaintiff's plan for distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly:

(a) The administrative recommendations of the Court-authorized Claims Administrator, JND Legal Administration. ("JND"), to accept the Timely Eligible Claims stated in Exhibit D to the Segura Declaration and the Late But Otherwise Eligible Claims stated in Exhibit E to the Segura Declaration, are adopted;

(b) The Claims Administrator's administrative recommendations for the rejected claims as wholly ineligible Claims, as stated in Exhibit F to the Segura Declaration, are adopted;

(c) As set forth in the Segura Declaration, no new Claims received after January 28, 2022 may be included in the distribution;

(d) The distribution plan for the Net Settlement Fund, as set forth in the Segura Declaration and accompanying exhibits, is approved. The balance of the Net Settlement Fund shall be distributed to Authorized Claimants. To encourage Authorized Claimants to promptly deposit their payments, all distribution checks will bear a notation: "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY 90 DAYS AFTER ISSUE DATE;"

(e) If there is any balance remaining in the Net Settlement Fund after at least nine (9) months from the date of initial distribution of the Net Settlement Fund, JND

1

shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorney's fees and expenses, if any, redistribute such balance amongst Authorized Claimants who have cashed their checks in an equitable and economic fashion. Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and payments of taxes and fees, if any, shall be donated to the Legal Aid Society;

4.  The administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and, therefore, all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement. All Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund or Lead Plaintiff, Lead Plaintiff's Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiff or Lead Plaintiff's Counsel, in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amounts allocated to them pursuant to this Order. As previously provided in the Preliminary Approval Order and Stipulation, none of the Defendants, Defendants' Counsel, or any other of Defendants' Releasees shall have any responsibility or liability whatsoever for the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund to any person or entity, including, but not limited to, Lead Plaintiff, any other Settlement Class Members, or Lead Counsel;

5. All of JND's fees and expenses incurred in the administration of the Settlement and estimated to be incurred in connection with the Initial Distribution of the Net Settlement Fund as stated in the invoice attached as Exhibit G to the Segura Declaration are approved, and Lead Counsel is directed to pay the outstanding balance of $64,015.51 out of the Settlement Fund to JND; and

6. The Claims Administrator is authorized to discard: (i) paper and hard copies of all Claim Forms and supporting documents two years after the initial distribution or one year after the final re-distribution (if any occurs); and (ii) electronic or magnetic media data not less than one years after the final distribution of the Net Settlement Fund to Authorized Claimants. JGK

SO ORDERED this 12 day of February, 2022

BY THE COURT:

_____
Honorable John G. Koeltl
DISTRICT COURT JUDGE

3